**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

Chambers of
**Michael A. Hammer**
United States Magistrate Judge

Martin Luther King Jr. Federal
Bldg. & U.S. Courthouse
50 Walnut Street, Room 2042
Newark, NJ 07102
(973) 776-7858

January 8, 2016

## **LETTER OPINION & ORDER**

RE:   Steven Grohs v. Sgt. Fratalone, et al.
        Civil Action No. 13-7870 (KM)

Dear Litigants:

Presently before the Court is Plaintiff pro se's motion to compel the Office of the Attorney General to locate the whereabouts of Defendant Rock-Asencio and to furnish that information to the U.S. Marshal, for the purpose of service of process. Pl.'s Mot. to Compel, Oct. 28, 2015, D.E. 23. For the reasons set forth below, Plaintiff's request is granted.

### Background

Plaintiff Steven Grohs is a resident at the Special Treatment Unit ("STU") in Avenel, New Jersey, and is in the care, custody and control of the Department of Corrections ("DOC") and the Department of Human Services ("DHS") pursuant to the New Jersey Sexually Violent Predator Act, N.J.S.A. § 30:4-27.24 et seq. See Compl. ¶¶ 6, 7, Dec. 27, 2013, D.E. 1. Plaintiff is proceeding pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Id. On September 30, 2014, Plaintiff's *in forma pauperis* application was granted, and the Court ordered the Clerk to issue summons and the U.S. Marshal to serve summons upon Defendant Fratalone. Order, Sept. 30, 2014, D.E. 4. On January 7, 2015, Plaintiff filed a motion to amend his Complaint to add additional counts and Defendants [D.E. 13], and on October 16, 2015, the Court permitted Plaintiff's Amended Complaint [D.E. 24] to proceed in part against Defendants Rock-Asencio, Fratalone, Datz and John Doe. Order, Oct. 16, 2015, D.E. 20. The Court further ordered the Clerk to issue summons and the U.S. Marshal to serve summons upon Defendants Rock-Asencio, Fratalone and Datz. Id. On October 28, 2015, Plaintiff filed the instant motion to compel [D.E. 23]. Plaintiff declares that Defendant Rock-Asencio retired from her employment with the DOC on June 2, 2013, and therefore, her current whereabouts are unknown to Plaintiff. Pl.'s Decl. in Supp. of Mot. to Compel ¶ 5, Oct. 28, 2015, D.E. 23. Plaintiff argues that he is confined to a secure custodial facility and is unable to personally locate the whereabouts of Defendant Rock-Asencio, and knows that neither an official with the DOC nor the DHS has authority to provide him with Defendant Rock-Asencio's last known address. Id. ¶ 9, 12. Therefore, Plaintiff seeks for a Court order compelling the Attorney General's office to locate the whereabouts of Defendant

Rock-Asencio and furnish such information to the U.S. Marshal, for the purpose of effecting service of process.  Id.

In response to Plaintiff's motion, the Office of the Attorney General, counsel for Defendants, agreed to provide the last known address for Defendant Rock-Asencio to the U.S. Marshal.  Defs.' Ltr., Nov. 20, 2015, D.E. 27.  Defendants then advised the Court that "Defendant Rock-Asencio has re-located to Florida and no longer resides at the last known address provided to the United States Marshall Service.  At this time the Department of Corrections does not have her current address."  Defs.' Ltr., Dec. 7, 2015, D.E. 28.  On December 22, 2015, the U.S. Marshal executed a Process Receipt and Return showing that the Marshal was unable to locate Defendant Rock-Asencio at his last known address, noting that "Def. Rock-Asencio has not lived at this address since at least July 2015 when property was sold."  Summons Returned Unexecuted, Dec. 22, 2015, D.E. 32.

By way of letter dated December 11, 2015, Plaintiff reasserted his request for the Court to compel the Attorney General's office to provide an address for Defendant Rock-Asencio for the purpose of effecting service of process.  Pl.'s Reply, filed Dec. 14, 2015, D.E. 29.  Plaintiff also argued that alternatively, "if the Court finds that it is not the responsibility of the office of the Attorney General to locate the current whereabouts of Defendant Rock-Asencio then I would respectfully request that an Order be entered consistent with the Order entered by the Honorable William J. Martini, U.S.D.J."  Pl.'s Dec. 21, 2015 Ltr., filed Dec. 28, 2015, D.E. 33; see Order, D.E. 32 in Aruanno v. Officer Caldwell, 09-cv-5652 (WJM) (MF).

**Discussion and Conclusion**

Section 1915(d) of Title 28 of the United States Code provides that "[t]he officers of the court shall issue and serve all process, and perform all duties in [in *forma pauperis*] cases."  28 U.S.C. § 1915(d).  Federal Rule of Civil Procedure 4(c)(3) requires that where the plaintiff is allowed to proceed in forma pauperis, the court must order the U.S. Marshal or deputy marshal to effect service.  See Fed. R. Civ. P. 4(c)(3).  "[A]n indigent prisoner representing himself is entitled to reply on the Marshal to achieve service of process."  Tagliamonte v. Wang, 496 F. App'x 208 (3d Cir. 2012) (quoting Sellers v. United States, 902 F.2d 598, 602 (7th Cir. 1990)).  That is because "'[i]t is unreasonable to expect incarcerated and unrepresented prisoner-litigants to provide the current addresses of prison-guard defendants who no longer work at the prison.'" Aruanno v. Caldwell, Civ. No. 09-5652 (WJM), Order, May 6, 2014, D.E. 32, at page 3, para. 9 (quoting  Richardson v. Johnson, 598 F.3d 737, 739-740 (7th Cir. 2010)).   See also Jones v. Hashagen, 419 F. App'x 141, 145 (3d Cir. 2011) ("[W]hen the district court instructs the Marshal to serve papers on behalf of a prisoner, the prisoner need furnish no more than the information necessary to identify the defendant …") (quoting Sellers, 902 F.2d at 602).

As Plaintiff notes in his application, the District Court in Aruanno applied this reasoning in requiring the Marshal to "undertake reasonable efforts to ascertain in confidence the current address for service of Defendant Caldwell, which efforts shall include but shall not be limited to, contacting the Administrator . . . and the human resources office of the New Jersey Department of Corrections[.]"  Aruanno, Civ. No. 09-5652 (WJM), Order, May 6, 2014, at 4.  The Court adopts that approach here.  In this case, the U.S. Marshal's return indicates that Defendant Rock-

Asencio is no longer employed by the DOC and no longer resides at her last known address. D.E. 32. It does not appear from the record that there has been an attempt to ascertain Defendant Rock-Asencio's new address for service. It appears that Plaintiff is confined to a secure custodial facility, and therefore cannot personally locate the whereabouts of Defendant Rock-Asencio. Pl.'s Decl., D.E. 23, ¶¶ 9, 12. It also appears that Plaintiff knows neither an official with the DOC nor the DHS who has authority to provide him with Defendant Rock-Asencio's last known address. Id. Accordingly, the Court grants Plaintiff's motion to compel, and orders that, within 30 days of the date of entry of this Letter Opinion and Order, the U.S. Marshal or Deputy Marshal shall use reasonable efforts to determine confidentially the current address for service of Defendant Rock-Asencio. If necessary, the Marshal or Deputy Marshal will kindly contact the Administrator of the STU and the human resources office of the DOC to obtain Defendant Rock-Ascensio's current address for service. If the Marshal obtains an address for service, the Marshal shall provide it to the Clerk of Court, who shall issue a summons for Defendant Rock-Ascensio. The Marshal will serve the summons and the Amended Complaint upon Defendant Rock-Asencio, in accordance with Fed. R. Civ. P. 4, with the address for service being redacted on the return of service that is docketed. The United States will bear the costs of service of process, consistent with Plaintiff's *in forma pauperis* status. If the Marshal cannot ascertain Defendant Rock-Ascensio's current address after exercising reasonable efforts, then the Marshal shall file with the Clerk for docketing in this action a certification outlining the efforts taken.

So Ordered,

*s/ Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**